<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4299**
_____

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

JOSEPH THOMAS SMITH, a/k/a Joseph Smith,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   Henry E. Hudson, District Judge.  (3:10-cr-00199-HEH-1)

_____

Submitted:  October 31, 2011        Decided:  November 17, 2011

_____

Before KING, GREGORY, and DAVIS, Circuit Judges.

_____

Dismissed in part; affirmed in part by unpublished per curiam opinion.

_____

Theodore David Bruns, BLACKBURN, CONTE, SCHILLING & CLICK, P.C., Richmond, Virginia, for Appellant.   Roderick Charles Young, Assistant United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Joseph Thomas Smith pled guilty to carjacking resulting in death. The district court sentenced Smith to life imprisonment. On appeal, Smith's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no viable grounds for appeal, but questioning whether Smith's guilty plea was knowing and voluntary. The Government has moved to dismiss the appeal based on Smith's waiver of his right to appeal. In his pro se supplemental brief, Smith contends that the government lacked jurisdiction to prosecute him for carjacking, and that counsel was ineffective for failing to provide him with discovery materials and failing to disclose a conflict of interest which resulted from the fact that Smith's attorney had previously prosecuted him on a vehicle theft charge. We dismiss in part and affirm in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is both valid and enforceable. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68

(4th Cir. 1991). The question of whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the record leads us to conclude that Smith knowingly and voluntarily waived the right to appeal his sentence. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to any sentencing issues. On the other hand, although Smith's appeal waiver insulates his sentence from appellate review, the waiver does not preclude our consideration of the remaining claims raised by Smith and counsel, and does not prohibit our review of Smith's guilty plea pursuant to Anders. Consequently, we deny the motion to dismiss in part.

Because Smith did not move in the district court to withdraw his guilty plea, the adequacy of the Rule 11 hearing is reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Our review of the transcript of the plea hearing leads us to conclude that the district court fully complied with Rule 11 in accepting Smith's guilty plea. The court ensured that Smith understood the charge against him and the potential sentence he faced; that he entered his plea knowingly and voluntarily; and that the plea was supported by an independent factual basis. See United States v. DeFusco, 949

3

F.2d 114, 116, 119-20 (4th Cir. 1991). Accordingly, we discern no plain error in the district court's acceptance of Smith's guilty plea.

Smith's challenge to the court's jurisdiction to prosecute him for carjacking is essentially a challenge to the adequacy of the factual basis. He contends that the facts did not support a finding on all the elements of carjacking. We disagree. The agreed statement of facts shows that Smith and five other individuals devised a plan to rob Jamal Nasir of drugs and money. They lured Nasir from his vehicle into a residence where they assaulted and restrained him with duct tape. Several of the individuals then returned to Nasir's vehicle where Willie Smith was waiting. They then forced Willie Smith from the vehicle into the residence and took the keys to the vehicle from Willie Smith, assaulted him, and restrained him with duct tape. The individuals then forced Nasir and Willie Smith into the trunk of the vehicle and drove the vehicle to a remote location. Nasir and Willie Smith died in the trunk of Nasir's vehicle due to lack of oxygen. These facts form a sufficient factual basis for the crime of carjacking resulting in death.

Smith also contends that his attorney: (1) convinced him to plead guilty by informing him that he might otherwise be sentenced to death; (2) failed to provide him with discovery

4

materials; and (3) failed to disclose that he operated under a conflict of interest because counsel had been the prosecutor on Smith's prior charge of vehicle theft. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. Such claims are more appropriately raised in a motion filed pursuant to 28 U.S.C.A. § 2255 (West Supp. 2010), unless counsel's ineffectiveness conclusively appears on the record. See United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006); United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). After review of the record, we find no conclusive evidence that counsel rendered ineffective assistance, and we accordingly decline to consider these claims on direct appeal. We of course intimate no view as to the validity or lack of validity in respect to any claim of ineffective assistance.

In accordance with Anders, we have reviewed the remainder of the record in this case and have found no meritorious issues not foreclosed by Smith's appellate waiver. We therefore affirm Smith's conviction and dismiss the appeal of his sentence. We deny Smith's motion to appoint new counsel. This court requires that counsel inform Smith, in writing, of the right to petition the Supreme Court of the United States for further review. If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

5

representation.  Counsel's motion must state that a copy thereof was served on Smith.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART
